

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2006

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1763

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Chen v. Atty Gen USA" (2006). 2006 Decisions. Paper 1206.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1206

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-1763

XIU QIN(J) CHEN,

Petitioner

v.

ALBERTO R. GONZALES, ATTORNEY
GENERAL OF THE UNITED STATES

On Petition for Review of a Final Decision
of the Board of Immigration Appeals
BIA No. A75-809-672
Immigration Judge: William K. Strasser

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 28, 2006

Before: RENDELL, SMITH, and BECKER, *Circuit Judges*

(Filed: April 27, 2006)

OPINION OF THE COURT

SMITH, *Circuit Judge*.

Xiu Qin Chen, a native and citizen of the People's Republic of China, seeks

review of the Board of Immigration Appeals' order denying her motion to reopen. We

will deny Chen's petition for review and affirm the order of the BIA.[1]

Chen entered the United States on June 2, 1998. Because she did not have valid travel documents at the time of application for admission, the former Immigration and Naturalization Service (INS) served her with a Notice to Appear on June 3, 1998, alleging a violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I). At a hearing before an Immigration Judge (IJ) on July 14, 2003, Chen conceded inadmissibility, but filed an application for asylum, claiming that she had been persecuted in China because, as the third of four children in her family, she was considered an "overbirth." She explained that if she was returned to China, she feared being imprisoned because she had not come to the United States legally. The IJ denied Chen's application for asylum, withholding of removal, and protection under the Convention Against Torture. On September 16, 2004, the BIA affirmed without opinion.

Chen subsequently filed a motion to reopen with the BIA based on the availability of new evidence, specifically, a letter from the Villager's Committee to her father which indicated that her asylum application was an embarrassment to China and threatened her with "severe punishment" if she did not withdraw it. The Board denied the motion, concluding:

---

[1] Because the denial of the motion to reopen is a final order, *see Sevoian v. Ashcroft*, 290 F.3d 166, 171 (3d Cir. 2002), we may review it pursuant to 8 U.S.C. § 1252(a).

> We have reviewed the document presented, and find it inherently unworthy of belief as it is extremely implausible that her village committee would know that the respondent was an asylum applicant in the United States. We further note that no evidence was submitted that establishes that individuals who apply for asylum in this country after they depart China illegally are persecuted if they return.

App. at 2. Chen now appeals the BIA's decision.

This Court reviews the BIA's decision on a motion to reopen for abuse of discretion, *Sevoian v. Ashcroft*, 290 F.3d 166, 170-71 (3d Cir. 2002), and we will not disturb a discretionary decision by the Board unless it is "arbitrary, irrational, or contrary to law." *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004).

The Code of Federal Regulations provides that "[a] motion to reopen proceedings shall state new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). The Supreme Court has recognized at least three grounds upon which the Board can deny a motion to reopen: (1) failure to establish a *prima facie* case for the relief sought; (2) failure to introduce previously unavailable, material evidence; and (3) a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary relief which he sought. *INS v. Abudu*, 485 U.S. 94, 104-05 (1988). In order to establish a *prima facie* case on a motion to reopen, the petitioner must "produce objective evidence showing a 'reasonable likelihood' that he can establish [that he is entitled to relief on the merits]." *Sevoian*, 290 F.3d at 175.

In this case, Chen submitted evidence that she claims was previously unavailable.

3

The Board, however, found that evidence "inherently unworthy of belief" because it considered it to be "extremely implausible that her village committee would know that [Chen] was an asylum applicant in the United States." We also note that, as the Attorney General points out in his brief, Chen's claim is suspect because the proffered letter was not sent to her father until six years after she had left China. Additionally, her older sister had left China, then later returned, and was not persecuted. The Board's conclusion reflects a determination that Chen has failed to establish a "reasonable likelihood" that she will succeed on the merits. We cannot conclude that this determination is "arbitrary, irrational, or contrary to law." We will therefore affirm.